IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THEOPLHILUS AKWEI, | ) | CASE NO. 3:18-cv-189 |
| | ) | |
| | ) | JUDGE KIM R. GIBSON |
| Petitioner, | ) | |
| v. | ) | |
| | ) | |
| BUREAU OF PRISONS, MOSHANNON | ) | |
| VALLEY CORRECTIONAL CENTER, | ) | |
| GEO, INC., and DR. ZIMMELY, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

I.  **Introduction and Background**

Petitioner Theophilus Akwei asks this Court to reconsider its Order dismissing his case. (ECF No. 73; *see* ECF No. 72.) On September 21, 2018, Akwei filed this civil rights case against the Bureau of Prisons and various entities and persons employed at Moshannon Valley Correctional Center, where he is currently incarcerated. (ECF Nos. 1, 5.) On January 22, 2020, the magistrate judge issued a Report and Recommendation recommending that the Court dismiss the case. (ECF No. 57.) On March 2, 2020, the Court adopted the Report and Recommendation and dismissed Akwei's claims, but afforded him the opportunity to file a certificate of merit as to professional negligence claims against Dr. Zimmerly, a physician at Moshannon Valley Correctional Center, within 60 days. (ECF No. 65.) Due to the COVID-19 pandemic, on April 17, 2020, Akwei sought an extension of time for filing his certificate of merit; the magistrate judge denied this request without prejudice. (ECF Nos. 69, 70.) The Court

dismissed Akwei's case on May 18, 2020, after Akwei failed to timely file the requisite certificate of merit. (ECF No. 72.) Akwei now seeks reconsideration of that Order.[1] (ECF No. 73.)

This Court has jurisdiction over the action because the case arises under federal law. 28 U.S.C. § 1331. Venue is proper because a substantial part of the events giving rise to this action occurred in the Western District of Pennsylvania. 28 U.S.C. § 1391.

For the reasons that follow, the Court **DENIES** Akwei's Motion.

II. Discussion

Motions for reconsideration are limited vehicles used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Jackson v. City of Phila.*, 535 F. App'x 64, 69 (3d Cir. 2013) (quoting *Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). For a litigant to succeed on a motion for reconsideration, the litigant must show that one or more of the following circumstances exist: (1) an intervening change in the controlling law; (2) new evidence is available that was not when the court made the prior decision; or (3) there is a need to correct a manifest injustice or a clear legal or factual error in the prior decision. *U.S. ex rel. Schumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848–49 (3d Cir. 2014).

The purpose of a motion for reconsideration is not so that a litigant can get a do-over on an issue that party has already raised. *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995). Motions for reconsideration are not used for the purpose of relitigating or rehashing issues the Court has already decided, or rethinking a decision the Court has already made, correctly or incorrectly. *Roadman v. Select Specialty Hosp.*, No. 3:16-cv-246, 2019 WL

---

[1] Akwei also filed an appeal to the Third Circuit. (ECF No. 74.)

430499, at *3 (W.D. Pa. Feb. 4, 2019) (Gibson, J.). Because of the interests in finality, at the district court level, this court will grant motions for reconsideration only "sparingly." *Id.*

Akwei's Motion fails because it meets none of the three requisite criteria. Akwei has identified no change in the intervening controlling law, nor has he produced new evidence that was not available when the Court dismissed his case. Finally, Akwei has not demonstrated a need to prevent manifest injustice or a clear legal or factual error in prior proceedings. Akwei was granted 60 days to file a certificate of merit, which he did not do. His request for an extension of time to file a certificate of merit was denied without prejudice, leaving him free to file a renewed request for an extension, which he did not do. Accordingly, there is no manifest injustice in denying his motion to reconsider.

III. Order

AND NOW, this 15th day of January, 2020, upon consideration of Petitioner Theophilus Akwei's Motion for Reconsideration (ECF No. 73), **IT IS HEREBY ORDERED** that the Motion is **DENIED**.

BY THE COURT:

_____
KIM R. GIBSON
UNITED STATES DISTRICT JUDGE